IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| E-DEALER DIRECT, et al., §<br>　　Plaintiffs, §<br>　　　　　　　　　　§<br>v. 　　　　　　　　　§　　EP-21-CV-62-DB<br>　　　　　　　　　　§<br>BANK OF AMERICA, N.A., §<br>　　Defendant. 　　　§ | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Plaintiffs E-Dealer Direct, et al.,'s (collectively, "Plaintiffs") "Emergency Motion to Remand to State Court" ("Motion") filed in the above-captioned case on March 16, 2021. ECF No. 2. Defendant Bank Of America, N.A. ("Defendant") filed a Response on March 30, 2021. ECF No. 12. After due consideration, the Court will deny Plaintiffs' Motion.

## BACKGROUND

This case arises from Defendant's restraint of several of Plaintiffs' accounts in connection with two collection actions in New York state courts. Notice of Removal ¶¶ 6–11, ECF No. 1; Third Am. Compl. ¶¶ 7–18, ECF No. 8. On February 23, 2021, Plaintiffs initiated a lawsuit ("state court case") in the 41st Judicial District Court of El Paso County, Texas ("state court") against Defendant and GECU. Notice of Removal ¶¶ 1–2, ECF No. 1; Original Pet., ECF No. 1-4. Plaintiffs sought a temporary restraining order and temporary and permanent injunctions preventing Defendant from freezing their accounts in connection with the New York collection actions. Notice of Removal ¶¶ 1–2, ECF No. 1; Original Pet. ¶¶ 21–22, ECF No. 1-4.

The state court issued an Ex Parte Temporary Restraining Order and set Plaintiffs' application for temporary injunction for a hearing on March 12, 2021. Notice of Removal ¶ 3,

ECF No. 1; Resp. ¶ 3, ECF No. 11. At the hearing, the state court accepted Plaintiffs' voluntary dismissal of GECU. Notice of Removal ¶ 17, ECF No. 1; Resp. ¶ 5, ECF No. 11.

On March 15, 2021, Defendant filed a Notice of Removal in this Court. Notice of Removal, ECF No. 1. Therein, Defendant argued for removal based on diversity of citizenship pursuant to 28 U.S.C. § 1332. *Id.* ¶¶ 14–24. On March 16, 2021, Plaintiffs filed the instant Motion arguing for remand on various grounds. Mot., ECF No. 2. On March 17, 2021, Defendant filed a supplement to its Notice of Removal. Supplement to Notice of Removal, ECF No. 3. On the same day, Plaintiffs responded to the Supplement. Resp. to Supplement, ECF No 6. The Court will now consider Plaintiffs' arguments for remand.

## LEGAL STANDARDS

Provided the district court has original jurisdiction of the civil action, defendants may timely remove a case from state to federal court. 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil actions that do not arise under federal law when the amount in controversy exceeds $75,000 and the parties are completely diverse, meaning that no plaintiff and defendant are citizens of the same state. 28 U.S.C. § 1332(a); *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998). Individuals are citizens of the state in which they are domiciled. 28 U.S.C. § 1332(a). A national banking association is a citizen of the state designated in its articles of association as its main office. 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318, (2006) (stating that "one would sensibly 'locate' a national bank for . . . qualification for diversity jurisdiction . . . in the State designated in its articles of association as its main office."). A defendant may remove a state court action to federal court based on diversity jurisdiction. 28 U.S.C. § 1441(b).

A plaintiff may challenge an improper removal by filing a motion to remand under 28 U.S.C. § 1447. "On a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (internal quotation marks and citations omitted). Further, "removal statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).

## ANALYSIS

In its Motion, Plaintiffs argue for remand on various grounds. Mot., ECF No. 2. The Court will deny Plaintiffs' Motion, finding that the Court has diversity jurisdiction over the case under 28 U.S.C. § 1332 and Defendant properly removed the case under 28 U.S.C. § 1441. The Court will reject Plaintiffs' other arguments for remand.

**1. The Court Has Diversity Jurisdiction Over This Case.**

The Court has diversity jurisdiction over the case under 28 U.S.C. § 1332 because (1) GECU's citizenship will not be considered in determining whether complete diversity exists, (2) Plaintiffs and Defendant are completely diverse, and (3) the amount in controversy exceeds $75,000.

    **a. The Court will not consider GECU's citizenship in determining whether complete diversity exists in this case.**

Plaintiffs argue that GECU's dismissal from the state court case was secured under false pretenses. Resp. to Supplement ¶¶ 1–3, ECF No. 6. Thus, Plaintiffs argue that the Court should consider GECU's citizenship when determining whether complete diversity exists in this case. *Id.*; Mot. ¶¶ 12–14, ECF No. 2. Because GECU is also a citizen of Texas, Plaintiffs argue that complete diversity does not exist between them and GECU and Defendant. Mot. ¶¶ 12–14,

ECF No. 2. Plaintiffs claim that remand is therefore proper. Mot. ¶¶ 12–14, ECF No. 2; Resp. to Supplement ¶ 3, ECF No. 6.

Defendants respond that because GECU was dismissed from the state court case at the time of removal, GECU's citizenship should not be considered in determining whether complete diversity exists in this case. Resp. ¶¶ 13, ECF No. 11.

Plaintiffs cite no authority for their proposition that, because GECU's dismissal from the state court case was secured under false pretenses, GECU's citizenship should be considered in determining whether complete diversity exists. *See, generally*, Resp. to Supplement ¶¶ 1–3, ECF No. 6. On the contrary, the Court determines whether complete diversity exists at the time of removal. *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000). In this case, GECU was dismissed from the state court case at the time of removal. Supplement ¶¶ 5–8, ECF No. 3; Resp. ¶¶ 13–16, ECF No. 11.

The Court agrees with Defendant that dismissal of GECU was fully effectuated in the state court case, regardless of Plaintiffs' claim that the dismissal was secured under false pretenses. In determining whether nonsuit and voluntary dismissal is effective in state court before removal, the Court looks to state procedural rules. *Boulanger v. Devlar Energy Mktg., LLC*, No. 3:15-CV-3032-B, 2015 WL 7076475, at *4 n.4 (N.D. Tex. Nov. 13, 2015) (citing Fed. R. Civ. P. 81(c)(1)). Under Texas law, nonsuit and voluntary dismissal is effective when announced in court. *FKM Partnership, Ltd. v. Board of Regents of University of Houston System*, 255 S.W.3d 619, 632 (Tex. 2008). Moreover, a party can be dismissed from a case by omitting the party's name in an amended pleading. *Randolph v. Walker*, 29 S.W.3d 271, 274 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

In this case, Plaintiffs voluntarily dismissed GECU at the March 12th hearing, and the state court accepted the dismissal as a nonsuit. Notice of Removal ¶ 17, ECF No. 1; Resp. ¶ 5, ECF No. 11. Additionally, Plaintiffs' First Amended Petition omits GECU as a party. Resp. ¶ 6, ECF No. 11; *see also* First Am. Pet., ECF No. 3-1. The First Amended Petition was filed prior to removal and became the operative complaint at the time of removal through Defendants filing their Notice of Filing of Notice of Removal to the state court. Resp. ¶ 6–7, ECF No. 11; First Am. Pet., ECF No. 3-1; *Stephens v. Portal Boat Company*, 781 F.2d 481, 482 n.1 (5th Cir. 1986) ("[A] removal is not effective until notice is given to the state court."). Therefore, GECU was properly dismissed at the time of removal.

Moreover, in a case not originally removable because of lack of complete diversity, defendants may remove the case to federal court upon voluntary dismissal of a nondiverse party. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68–69 (1996); *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918). That is the situation here. The state court case was not originally removable because GECU was not diverse to the Plaintiffs. Original Pet. ¶ 3, ECF No. 1-4. However, GECU was dismissed from the state court case creating complete diversity. Supplement ¶¶ 5–8, ECF No. 3; Resp. ¶¶ 13–16, ECF No. 11. Defendant is permitted to remove the case to this Court upon dismissal of a nondiverse party. *Lewis*, 519 U.S. at 69.

Plaintiffs further contend that remand is proper because it has made a motion to re-open the case against GECU in the state court case and GECU will be brought back into the case. Resp. to Supplement ¶¶ 2–3, ECF No. 6. This argument likewise fails because complete diversity is determined at the time of removal, not after some hypothetical, future event in a state court case. *Winfrey*, 201 F.3d at 686. Moreover, the state court's jurisdiction divests upon it being notified of removal. *Dukes v. S.C. Ins. Co.*, 770 F.2d 545, 547 (5th Cir. 1985) ("[T]he state court

retains jurisdiction until the state court receives actual or constructive notice of the removal."). Thus, the state court does not at present have jurisdiction to rule on Plaintiffs' motion to re-open the case against GECU. *Id.*

### b. Complete diversity exists between Plaintiffs and Defendant.

Both Plaintiffs and Defendant agree that Plaintiffs are citizens of Texas. Notice of Removal ¶ 15, ECF No. 1; Original Pet. ¶ 2, ECF No. 1-4. However, Plaintiffs and Defendant disagree about Defendant's citizenship. Defendant asserts that it is a citizen of North Carolina. Notice of Removal ¶ 16, ECF No. 1. Conversely, Plaintiffs suggest that Defendant is a citizen of Texas because it is registered to do business in Texas and Plaintiffs' accounts with Defendant are registered in Texas. Mot. ¶ 14, ECF No. 2.

Plaintiffs are mistaken in their characterization of Defendant's citizenship. For qualification for diversity jurisdiction, a national banking association such as Defendant is a citizen of "the State designated in its articles of association as its main office." 28 U.S.C. §1348; *Schmidt*, 546 U.S. at 318. Neither the fact that Defendant is registered to do business in Texas nor the fact that Plaintiffs' accounts are registered in Texas affects Defendant's citizenship. *See Schmidt*, 546 U.S. at 317 (analogizing a national bank to a corporation, which "is not deemed a citizen of every State in which it conducts business or is otherwise amenable to personal jurisdiction.").

In this case, Defendant has its main office in North Carolina. Notice of Removal ¶ 16, ECF No. 1. Thus, the Court will find that Defendant is a citizen of North Carolina for qualification for diversity jurisdiction. 28 U.S.C. §1348; *Schmidt*, 546 U.S. at 318. Because Plaintiffs are citizens of Texas and Defendant is a citizen of North Carolina, complete diversity exists in this case. 28 U.S.C. § 1332(a); *Schacht*, 524 U.S. at 388.

### c. The amount in controversy exceeds $75,000.

A case fails to meet the jurisdictional amount in controversy requirement only if there is a legal certainty that the plaintiff cannot recover more than the minimum required amount in controversy. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). A single plaintiff may aggregate the value of all claims presented against a single defendant. *See Edwards v. Bates County*, 163 U.S. 269, 273 (1896). In general, "separate and distinct claims" from multiple plaintiffs against a single defendant may not be aggregated. *Troy Bank of Troy, Ind., v. G.A. Whitehead & Co.*, 222 U.S. 39, 40–41 (1911). However, courts can aggregate the claims of multiple plaintiffs if the plaintiffs have a "common and undivided interest." *Id.* A shared property interest can be a common and undivided interest. *Rangel v. Leviton Mfg. Co.*, No. EP-12-CV-04-KC, 2012 WL 884909, at *5 (W.D. Tex. Mar. 14, 2012) (quoting *Clay v. Field*, 138 U.S. 464, 479–80 (1891)).

Plaintiffs argue for remand because the $75,000 amount in controversy requirement is not met. Mot. ¶ 12, ECF No. 2. However, Plaintiffs do not specify how the amount in controversy fails to meet the requirement. *See, generally, id.*

In the complaint operative at the time of removal, Plaintiffs alleged a total of $65,175.00 in the accounts that Defendants froze. First Am. Pet. ¶ 12, ECF No. 3-1. The accounts are used in connection with businesses Plaintiffs manage together. *Id.* ¶¶ 18–20. Additionally, Plaintiffs make claims for damages resulting from claims of: (1) conversion, (2) breach of fiduciary duty, (3) breach of contract and fraud, and (4) negligence and gross negligence. *Id.* ¶¶ 22–40.

Because the accounts in question concern businesses Plaintiffs manage together, Plaintiffs' claims are hardly "separate and distinct." *Troy Bank*, 222 U.S. at 40. Furthermore, the bank accounts through which Plaintiffs manage their businesses together are property interests. *Rangel*, 2012 WL 884909, at *5. Accordingly, the Court will aggregate Plaintiffs claims against Defendant in determining whether the amount in controversy requirement is met. *Troy Bank*, 222 U.S. at 40; *Rangel*, 2012 WL 884909, at *5.

Taken together, Plaintiffs' claims have a possibility of exceeding the $75,000 amount in controversy requirement. Alternatively, Plaintiff E-Dealer Direct's aggregated claims, *Edwards*, 163 U.S. at 273, has the possibility of meeting the amount in controversy requirement by itself. *See* First Am. Pet. ¶¶ 12, 22–40 ECF No. 3-1 (alleging that Defendant wrongly froze Plaintiff E-Dealer Direct's account with $48,000.00 and seeking damages resulting from that action). Therefore, the Court will hold that the $75,000 amount in controversy requirement is met. 28 U.S.C. § 1332(a); *St. Paul Mercury*, 303 U.S. at 289.

### 2. Defendant Properly Complied With The "Rule Of Unanimity."

Plaintiffs argue for remand because Defendant did not comply with the procedural requirements for removal. Mot. ¶ 1, ECF No. 2. Specifically, Plaintiffs claim that Defendant did not comply with the "rule of unanimity" required by 28 U.S.C. § 1446(b)(2)(A). *Id.* ¶¶ 2–3. The rule of unanimity requires that when a civil action is removed, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Plaintiffs argue that Defendant did not comply with the rule because GECU neither joined nor consented to the removal. Mot. ¶¶ 2–3, ECF No. 2.

Plaintiffs are wrong that the rule of unanimity requires GECU to join in or consent to the removal. As explained above, GECU was dismissed at the time the removal became

8

effective. *See supra* 3–5. Thus, GECU was not a "defendant" who must join in or consent to the removal. 28 U.S.C. § 1446(b)(2)(A). Since Bank of America was the only defendant at the time of removal, the rule of unanimity requiring "all defendants" join in or consent does not apply to this removal. *Id.* Thus, the Court will hold that Defendant properly complied with the procedural requirements for removal.

### 3. Defendant Did Not Waive Its Right Of Removal.

Plaintiffs argue for remand because Defendant consented to the state court's jurisdiction and waived its right of removal to federal court. Mot. ¶¶ 5–7, ECF No. 2. Specifically, Plaintiffs claim that Defendant's appearance at the March 12th hearing on the temporary injunction and its moving to dissolve the state court's Ex Parte Temporary Restraining Order constitute active participation in the state court case and thus demonstrate waiver. *Id.* ¶ 6.

A defendant "may have waived its right to removal by proceeding to defend the action in state court or otherwise invoking the processes of that court." *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). Whether a defendant's actions in state court waives its right to removal depends on the substantiality of the action. "If a defendant acts merely to preserve the status quo and not to resolve the merits, no waiver occurs." *Texas First Nat'l. Bank v. Wu*, 347 F. Supp. 2d 389, 397 (S.D. Tex. 2004) (citing *Jacko v. Thorn Ams., Inc.*, 121 F.Supp.2d 574, 576 (E.D. Tex. 2000)).

Multiple courts have held that merely defending a preliminary injunction in state court does not waive the right to removal. *See, e.g., Wu*, 347 F. Supp. 2d at 397; *Miami Herald Pub. Co., Div. of Knight-Ridder Newspapers v. Ferre*, 606 F. Supp. 122, 124 (S.D. Fla. 1984); *Baker v. Nat'l Boulevard Bank of Chicago*, 399 F. Supp. 1021, 1022 (N.D. Ill. 1975).

As the court in *Baker* explains:

> Although participating in the merits of a lawsuit constitutes a waiver of removal rights, taking part in preliminary action, such as pleading or opposing a preliminary injunction, does not. Indeed, although Barnett did file a motion to vacate the preliminary injunction in state court, the motion was continued at Barnett's request pending this decision on the motion to remand. Thus, Barnett's actions only amount to its protecting its interest in the state court action. They are not sufficient participation to waive removal.

*Baker*, 399 F. Supp. at 1022 (internal citations omitted).

In this case, Defendant merely opposed the state court's Ex Parte Temporary Restraining Order and appeared at a hearing on the application for a temporary injunction. Resp. ¶¶ 3–4, ECF No. 11. Defendant promptly removed the case to this Court when GECU was dismissed. *Id.* ¶¶ 5–6. Accordingly, the Court will hold that Defendant merely acted to "preserve the status quo" and did not waive its right to removal. *Wu*, 347 F. Supp. 2d at 397.

### 4. The Court Will Not Address Whether Federal Question Jurisdiction Exists In This Case.

Plaintiffs argue for remand because the case does not meet the requirements of federal question jurisdiction. Mot. ¶¶ 8–11, ECF No. 2. However, Defendant did not remove this case based on federal question jurisdiction. *See* Notice of Removal ¶¶ 14–24, ECF No. 1. Accordingly, the Court will not consider whether there is federal question jurisdiction in this case.

### 5. The Court Will Not Consider Plaintiffs' Other Arguments For Remand.

Plaintiffs also argue that remand is required because Article III standing and ripeness requirements are not met and because Defendant is "not a party to whom federal law affords the right to remove." Mot. ¶¶ 19–21, ECF No. 2.

However, Plaintiffs do not sufficiently cite legal authorities or a factual basis for these arguments. *See id.* Local Rule CV-7(d)(1) requires that "[l]egal authorities supporting any motion must be cited in the motion. . . . All motions must state the grounds therefor and cite any

applicable rule, statute, or other authority, if any, justifying the relief sought." W.D. Tex. Civ. R. 7(d)(1). Accordingly, the Court will not consider these additional arguments for remand.

## CONCLUSION

Because the Court has diversity jurisdiction over the case under 28 U.S.C. § 1332 and Defendant properly removed the case under 28 U.S.C. § 1441, the Court will deny Plaintiffs' Motion. The Court further finds that Plaintiffs' other arguments for remand are without merit.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs E-Dealer Direct, et al.,'s "Emergency Motion to Remand to State Court" is **DENIED**.

SIGNED this 12th day of April 2021.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE