IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| E-DEALER DIRECT, et al., § | |
| Plaintiffs, § | |
| § | |
| v. § | EP-21-CV-62-DB |
| § | |
| BANK OF AMERICA, N.A., § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Defendant Bank Of America, N.A.'s ("Defendant") "Motion to Dismiss Plaintiff's Third Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted" ("Motion") filed in the above-captioned case on April 16, 2021. ECF No. 20. Plaintiffs E-Dealer Direct, et al. (collectively, "Plaintiffs") filed a Response on April 30, 2021. ECF No. 23. Defendant filed a Reply on May 7, 2021. ECF No. 24. After due consideration, the Court will grant Defendant's Motion.

## BACKGROUND

This case arises from Defendant's restraint of several of Plaintiffs' accounts in connection with two collection actions in New York state courts. Notice of Removal ¶¶ 6–11, ECF No. 1; Third Am. Compl. ¶¶ 7–18, ECF No. 8. Plaintiffs sought a temporary restraining order and injunctive relief preventing Defendant from freezing their accounts in connection with the New York collection actions. Third Am. Compl. 6–7, 10–11, ECF No. 8; Mot. for Emergency Inj. Relief, ECF No. 14. The Court denied Plaintiffs' request for emergency injunctive relief on April 20, 2021. Order, ECF No. 22.

Plaintiffs also seek damages resulting from claims of (1) conversion, (2) breach of fiduciary duty, (3) fraud, (4) breach of contract, and (5) negligence and gross negligence. Third

Am. Compl. 7–11, ECF No. 8. Defendant filed the instant Motion under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") asserting that Plaintiffs fail to state a claim upon which relief can be granted for each of their causes of action. Mot., ECF No. 20. In their Response, Plaintiffs do not directly address Defendant's individual arguments for dismissal of each of Plaintiffs' claims; instead, Plaintiff's Response contain recitations of the Rule 12(b)(6) standard accompanied by bare, conclusory statements that Defendant has not met its burden. *See* Resp., ECF No. 23. Accordingly, in its Reply, Defendant also argues that Plaintiffs have waived their opposition to dismissal. Reply ¶¶ 7, 12–13, ECF No. 24.

## RULE 12(B)(6) STANDARD

Rule 12(b)(6) permits dismissal if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8(a)"), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This "demands more than an unadorned . . . accusation." *Iqbal*, 556 U.S. at 678. "A complaint that offers only labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 557).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Consistent with Rule 8(a)(2)'s requirement that the complaint "show" and not merely allege that a party is entitled to relief, the well-pleaded facts must do more than "permit the court to infer . . . the mere possibility of misconduct." *Id.* Thus, "conclusory statements are 'not entitled to the assumption of truth.'" *Williams-Boldware v. Denton Cty., Tex.*, 741 F.3d 635, 644 (5th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679).

## ANALYSIS

Defendant moves the Court to dismiss Plaintiffs' claims of (1) conversion, (2) breach of fiduciary duty, (3) fraud, (4) breach of contract, and (5) negligence and gross negligence. The Court, applying Texas substantive law, will grant Defendant's motion to dismiss each of Plaintiffs' claim. The Court will also hold that Plaintiffs waived their opposition to dismissal of four of their claims. Finally, the Court will deny leave for Plaintiffs to amend their complaint.

### 1. In Deciding the Motion, the Court Will Apply Texas Substantive Law.

"When sitting in diversity, federal courts apply the substantive state law of the state in which the district court sits, including the forum state's choice-of-law rules." *Boudreaux v. C J R Framing Inc.*, 744 F. App'x 208, 209 (5th Cir. 2018) (quoting *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941)).

In its Motion, Defendants cite Texas substantive law. *See, e.g.*, Mot. ¶¶ 2–4, ECF No. 20; *see also* Reply ¶ 17, ECF No. 20 ("Bank of America cites Texas substantive law as the

3

standard for stating a claim upon which relief can be granted because when sitting in diversity, federal courts apply the substantive state law of the state in which the district court sits.") (internal quotations and alterations omitted).

In their Response, Plaintiffs do not directly argue against the application of Texas law. *See* Resp. ¶ 9, ECF No. 23. In both their Complaint and their Response, Plaintiffs tacitly acknowledge that Texas law applies. In their Complaint, they state that "Defendants [did not] intend to ascertain and apply the legal standards necessary in Texas, i.e. the Texas Finance Code, the Texas UCC, and the Civil Practice and Remedies Code—an understanding and application of which would enable it to protect client funds." Third Am. Compl. ¶ 34, ECF No. 8. And in their Response, they argue that "Bank of America . . . should[] ensure compliance with the laws of the State its account holders reside in [i.e., Texas], before freezing funds." *See* Resp. 2, ECF No. 23.

The Court will not consider Plaintiffs' argument that "[Defendant's] submissions on the application of foreign law should be excluded." Resp. ¶ 9, ECF No. 23. Plaintiffs do not identify which "foreign law" Defendant purportedly seeks to apply, and the Court does not consider Defendant to be arguing for application of foreign law. *See, e.g.,* Mot. ¶¶ 2–4, ECF No. 20; Reply ¶ 17, ECF No. 20.

Plaintiffs invoke the law of New York, the state where the collection actions are located. Third Am. Compl. ¶¶ 16–18, ECF No. 8; Resp 2, ECF No. 23. In particular, Plaintiff relies on New York's "separate entity rule" to argue that its creditors are prohibited from serving one of Defendant's branches in New York to garnish funds from accounts Plaintiffs maintain in their home state of Texas. Third Am. Compl. ¶¶ 16–18, ECF No. 8; Resp 2, ECF No. 23. Though they cite New York law, Plaintiffs concede in their Response to the instant Motion that

"[c]ontrary to [Defendant's] assertions, foreign law does not provide the ultimate and complete basis for [Plaintiffs'] claims." Resp ¶ 9, ECF No. 23.

Defendant responds to the invocation of New York's separate entity rule by claiming that the separate entity rule permits *only* New York state courts to "restrict the reach of its *own* judgments or to otherwise enjoin collection efforts within its *own* jurisdiction." Def.'s Resp. in Op. to Pl.'s Mot. for Emergency Inj. Relief ¶ 26 (citing *Motorola Credit Corp. v. Standard Chartered Bank*, 24 N.Y.3d 149, 21 N.E.3d 223 (N.Y. 2014)) (emphasis added). Defendant also argues that the separate entity rule is not the law in Texas. *Id.* ¶¶ 24–25. Instead, Defendant invokes Texas's "Uniform Enforcement of Foreign Judgments Acts" which Defendant claims "provides a procedure by which courts sitting in Texas can enforce foreign judgments in Texas." *Id.* ¶ 28 (citing Tex. Civ. Prac. & Rem. Code § 35.003).

The Fifth Circuit has held that a district court may apply a state's law if the parties have tacitly agreed that that state's laws should control their case. *See, e.g., In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007); *Jefferson v. Lead Indus. Ass'n*, 106 F.3d 1245, 1250 (5th Cir. 1997). Several district courts in the Fifth Circuit have done the same. *See, e.g., Fairview Hospitality, LLC v. State Bank of Texas*, 2019 WL 2491970, *5–6 n.8 (N.D. Tex. 2019); *Hobson v. Prudhomme*, 2019 WL 149564, *3 (W.D. La. 2019).

In this case, both parties rely on Texas law in briefing on the instant motion. *See, e.g.*, Mot. ¶¶ 2–4, ECF No. 20; Resp. 2, ¶ 9, ECF No. 23; Reply ¶ 17, ECF No. 20. Thus, in deciding the Motion, the Court will apply the substantive law of Texas, the law the parties tacitly agree controls and the law of the state in which this Court sits. *In re Katrina Canal Breaches Litigation*, 495 F.3d at 206; *Jefferson*, 106 F.3d at 1250; *Boudreaux*, 744 F. App'x at 209.

For the above reasons, Plaintiffs' invocation of New York law, does not create a conflict-of-laws situation, and thus choice-of-law analysis is not necessary. *See Schneider Nat. Transport v. Ford Motor Co.*, 280 F.3d 532, 536 (5th Cir. 2002) ("If the laws of the states do not conflict, then no choice-of-law analysis is necessary.") (quoting *W.R. Grace and Co. v. Continental Cas. Co.*, 896 F.2d 865, 874 (5th Cir.1990)).

Moreover, even if there is a conflict of laws, Texas law requires dépeçage—that is, choice of law is made on an issue-by-issue basis. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984). In this case, New York's separate entity rule only concerns the issue of injunctive relief. *See* Brief ¶¶ 35–38, ECF No. 14-1; Def.'s Resp. in Op. to Pl.'s Mot. for Emergency Inj. Relief ¶¶ 24–26. The Court has already denied Plaintiff's motion for injunctive relief. Order, ECF No. 22. Thus, the separate entity rule is not at issue on the claims being considered in this Motion: (1) conversion, (2) breach of fiduciary duty, (3) fraud, (4) breach of contract, and (5) negligence and gross negligence. Mot., ECF No. 20.

### 2. Plaintiffs Have Failed to State a Claim for Conversion Upon Which Relief Can Be Granted.

Conversion is "unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights." *Robin Singh Educ. Services, Inc. v. Test Masters Educ. Services, Inc.*, 401 S.W.3d 95, 97 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing *Hunt v. Baldwin*, 68 S.W.3d 117, 131 (Tex. App.—Houston [14th Dist.] 2001, no pet.)).

Defendant argues that "[o]nly 'tangible property' can give rise to a claim for conversion. Mot. ¶ 7, ECF No. 20 (quoting *Robin Singh Educ. Services*, 401 S.W.3d at 97). Because "[m]oney deposited with a bank pursuant to a general depository agreement ceases to be the depositor's property and becomes property of the bank in exchange for an indebtedness by the

6

bank to the depositor," Defendant argues that Plaintiffs fail to state a claim for conversion because Plaintiffs only alleges that their bank accounts were frozen by Defendant. *Id.* ¶¶ 8–9 (citing *Citizens Nat. Bank of Dallas v. Hill*, 505 S.W.2d 246, 248 (Tex. 1974); *Sam Texas v. Chase Securities of Texas, Inc.*, 14-00-01078-CV, 2002 WL 27294, *2 (Tex. App.—Houston [14th Dist.] Jan. 10, 2002, pet. denied)).

Plaintiffs' Response does not address Defendant's arguments against the conversion claim. *See* Resp., ECF No. 23.

The Court agrees with Defendant. The plaintiff in *Sam Texas* made a similar claim to that made by Plaintiffs in this case. *Sam Texas*, 2002 WL 27294 at *1. The plaintiff sued a financial institution for being prevented from withdrawing from a mutual fund account. *Id.* In holding that no claim for conversion lies for funds in the account, the court explained, "The making and acceptance of an ordinary deposit creates, as between the bank and the depositor, the relation of debtor and creditor, the title to the money passing to the bank." *Id.* at *1–2 (citing *Newsome v. Charter Bank Colonial*, 940 S.W.2d 157, 161 (Tex. App.—Houston [14th Dist.] 1996, writ denied)).

However, the court acknowledged the possibility of conversion of money in an account "when its identification is possible and there is an obligation to deliver the specific money in question." *Id.* at *1 (citing *Autry v. Dearman*, 933 S.W.2d 182, 188 (Tex. App.—Houston [14th Dist.] 1996, writ denied). Such a situation can occur "if [the specific money] is delivered for safe-keeping, the keeper claims no title, and the money is required and intended to be kept segregated and substantially in the form in which it was received or as an intact fund." *Id.* at *2 (citing *Estate of Townes v. Townes*, 867 S.W.2d 414, 419–20 (Tex. App.—Houston [14th

Dist.] 1993, writ denied). Specific money is thus "deposited in a bank under a special deposit agreement having the characteristics of a bailment contract." *Id.*

Like the plaintiff in *Sam Texas*, Plaintiffs in this case are making a claim for conversion after being prevented from accessing funds in their accounts with Defendant. *See, e.g.*, Third Am. Compl. ¶ 18, ECF No. 8 ("Defendants have no right to withhold Plaintiffs' funds . . . Defendants have no basis to freeze or to have frozen at the onset, any of Plaintiffs' bank accounts."). However, there is no evidence in the record that Plaintiffs were denied access to "specific money"—money that was identifiable, kept segregated for safe-keeping, and deposited with Defendant under a special deposit agreement having the characteristics of a bailment contract. *Sam Texas*, 2002 WL 27294 at *1–2. On the contrary, the record leads to the inference that Plaintiffs simply sought access to money in ordinary deposit accounts with Defendant. The Plaintiffs state that they need access to the accounts to run their businesses, suggesting that the accounts contain ordinary deposits of liquid currency rather than "specific money." Third Am. Compl. ¶¶ 19–20, ECF No. 8; Mot. for Emergency Inj. Relief ¶ 2, ECF No. 14. Because the money Plaintiffs sought to access is held in an ordinary account, title to the money passed to Defendant upon deposit. *Sam Texas*, 2002 WL 27294 at *1–2. Thus, Plaintiffs' inability to access the money does not give rise to a claim of conversion, and that claim should be dismissed. *Id.*

### 3. Plaintiffs Have Failed to State a Claim for Breach of Fiduciary Duty Upon Which Relief Can Be Granted.

Defendant argues that the relationship between a bank and a depositor does not create a fiduciary relationship unless the bank has significant control or influence over the depositor's business. Mot. ¶¶ 10–12, ECF No. 20 (citing *Davis v. West*, 317 S.W.3d 301, 312 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *Wil-Roye Inv. Co. II v. Washington Mut. Bank*,

8

*FA*, 142 S.W.3d 393 (Tex. App.—El Paso 2004, no pet.)). Defendants argue that Plaintiffs fail to allege facts sufficient to show that Defendant significantly controlled their business such that Defendant owed them a fiduciary duty, and thus that they fail to state a claim for breach of fiduciary duty. Mot. ¶ 13, ECF No. 20.

Plaintiffs' Response does not address Defendant's arguments against the breach of fiduciary duty claim. *See* Resp., ECF No. 23.

The Court agrees with Defendant. The plaintiff in *Davis* made a similar claim to that made by the Plaintiffs in this case. *See Davis*, 317 S.W.3d at 312. The plaintiff sued a bank for breach of fiduciary duty after the bank released funds from the plaintiff's accounts in compliance with a court order. *Id.* The court acknowledged that the existence of a fiduciary duty was generally an issue for a jury but stated that "[w]hen the issue is one of no evidence or conclusive evidence, the issue is a question of law." *Id.* (citing *Crim Truck & Tractor v. Navistar Int'l*, 823 S.W.2d 591, 594 (Tex.1992)). The court found that the plaintiff did not present any evidence of a "special relationship" with the bank "such as excessive . . . control over, or influence in, the [plaintiff's] business activities." *Davis*, 317 S.W.3d at 312 (quoting *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 675 (Tex.App.—Houston [1st Dist.] 1996, no writ)). Thus, the court held that plaintiffs' breach of fiduciary duty claim failed as a matter of law. *Davis*, 317 S.W.3d at 312.

Like the plaintiff in *Davis*, Plaintiffs in this case are making a claim for breach of fiduciary duty after Defendant froze their accounts in compliance with a court order. *See, e.g.*, Notice of Removal ¶¶ 6–11, ECF No. 1; Third Am. Compl. ¶ 7–12, ECF No. 8. Also like the plaintiff in *Davis*, Plaintiffs have not presented evidence that would allow the Court to infer that a "special relationship" with Defendant existed and created a fiduciary duty. *Davis*, 317 S.W.3d at

312. Plaintiffs do not, for example, present evidence that Defendant has control or influence over Plaintiffs' business activities. Again, the record leads to the inference that Plaintiffs simply sought access to money in ordinary deposit accounts held with Defendant. *See, e.g.*, Third Am. Compl. ¶¶ 19–20, ECF No. 8; Mot. for Emergency Inj. Relief ¶ 2, ECF No. 14; *supra* 6. Such a relationship does not give rise to a fiduciary duty. *Davis*, 317 S.W.3d at 312 ("The relationship between a bank and its customers does not usually create a special or fiduciary relationship.") (citing *Farah*, 927 S.W.2d at 675). Therefore, the Court will hold that Defendant does not owe a fiduciary duty to Plaintiffs, and thus Plaintiffs' breach of fiduciary duty claim should be dismissed.

### 4. Plaintiffs Have Failed to State a Claim for Fraud Upon Which Relief Can Be Granted.

Defendant argues that Plaintiffs fail to state a claim for fraud because their allegations lack specificity and are "wholly conclusory." Mot. ¶ 15, ECF No. 20. Thus, Defendant asserts Plaintiffs cannot meet the pleading standard required by Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") for fraud claims under Texas law.[1] *Id.* ¶ 14.

Plaintiffs question whether their claims "sound in fraud" and must satisfy the pleading standard of Rule 9(b). Resp. ¶ 8, ECF No. 23. Alternatively, Plaintiffs argue that they satisfy the Rule 9(b) pleading standard. *Id.*

Plaintiffs' Complaint lists "Fraud" as a cause of action and alleges "Defendant[] [has] fraudulently misrepresented the terms and conditions of the one-sided depositor contract by acting solely in the interest of the bank and willfully ignoring any provisions in the contract that

---

[1] For state law fraud claims made in federal court, the Rule 9(b) pleading requirements apply to articulating the elements of fraud under state law. *See Bradley v. Phillips Petroleum Co.*, 527 F. Supp. 2d 625, 648 (S.D. Tex. 2007), *aff'd sub nom. Bradley v. Phillips Chem. Co.*, 337 F. App'x 397 (5th Cir. 2009).

10

require the bank to act in good faith and to protect the depositor's funds." Third Am. Compl. ¶ 32, ECF No. 8. Therefore, the Court holds that Plaintiffs make a claim for fraud and are thus subject to the pleading standards set by Rule 9(b).

Rule 9(b) requires that "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Fifth Circuit has explained that "the Rule 9(b) standards require specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they are fraudulent." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Under Texas law, pleading a prima facie case of fraud requires pleading that:

> (1) [the defendant] made a material representation that was false; (2) it knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) it intended to induce [the plaintiff] to act upon the representation; and (4) [the plaintiff] actually and justifiably relied upon the representation and thereby suffered injury.

*Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).

The above-quoted sentence from Plaintiffs' Complaint is the only allegation of fraud against Defendant. *See* Third Am. Compl. ¶ 32, ECF No. 8. It falls well short of the pleading standard required by Rule 9(b) for fraud claims under Texas law. Fed. R. Civ. P. 9(b); *Ernst & Young*, 51 S.W.3d at 577. Thus, the Court holds that Plaintiffs fail to state a claim for fraud and the claim should be dismissed.

### 5. Plaintiffs Have Failed to State a Claim for Breach of Contract Upon Which Relief Can Be Granted, and There is No Genuine Dispute of Material Fact That Plaintiffs' Contract with Defendant Authorizes Defendant's Actions.

Defendant argues that Plaintiffs fail to state a claim for breach of contract because (1) Plaintiffs did not allege the breach of any duty arising from their contract with Defendant and (2) the contract authorizes the freezing of Plaintiffs' accounts. Mot. ¶ 16, ECF No. 20.

Plaintiffs' Response does not address Defendant's arguments against the breach of contract claim. *See* Resp., ECF No. 23.

#### a. Plaintiffs have not alleged the breach of any contractual duty.

Stating a breach of contract claim requires identifying specific provisions in the contract which were allegedly breached. *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015) (affirming decision that plaintiffs failed to state a claim for breach of contract under Texas law). Claiming that the contract in general was breached without identifying the specific provisions is insufficient to state a claim, and such a claim can be dismissed under Rule 12(b)(6). *Id.*

In this case, Plaintiffs make general allegations that Defendant breached their depository contract but identify neither specific provisions which were allegedly breached nor their language. *See* Third Am. Compl. ¶¶ 29–34, ECF No. 8. Accordingly, the Court holds that Plaintiffs fail to state a claim for breach of contract, and the claim should be dismissed. *Guajardo*, 605 F. App'x at 244.

#### b. Plaintiffs' contract with Defendant authorizes Defendant's actions.

In making its Motion under Rule 12(b)(6), Defendant argues that its contract with Plaintiffs authorizes the freezing of Plaintiffs' accounts in compliance with a court order. Mot. ¶ 16, ECF No. 20. Defendant does not attach the contract to its Motion but cite to it as an

12

attachment to the Notice of Removal. *Id.* (citing Deposit Agreement p. 50, ECF No. 1-6 at 210). The contract is also not attached to Plaintiffs' Complaint. *See* Third Am. Compl., ECF No. 8.

In deciding a motion to dismiss under Rule 12(b)(6), courts generally only consider the complaint and proper attachments. *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (citing *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir.2006)). When a district court considers matters outside the pleadings ostensibly under a Rule 12(b)(6) motion, the motion is properly treated as a motion for summary judgment under Rule 56. *Bonnet v. Ward County, Tex.*, 539 Fed. App'x. 481, 482–483 (5th Cir. 2013) (citing Fed. R. Civ. P. 12(d)).

Defendant moves to dismiss under Rule 12(b)(6) Plaintiffs' breach of contract claim because the contract authorized the alleged actions. Mot. ¶ 16, ECF No. 20. The Court will consider this part of the Motion a motion for summary judgment. *Bonnet*, 539 Fed. App'x. at 482–483. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In this case, there is no genuine dispute of material fact that Plaintiffs' contract with Defendant authorizes the freezing of Plaintiffs' accounts in compliance with a court order. The contract provides that:

> [Defendant] may accept and comply with legal process . . . served at locations other than the location where the account, property or records are held. [The account holder] direct[s] us not to contest the legal process. . . . We may hold and turn over funds or other property of the court or creditor as directed by the legal process.

Deposit Agreement p. 53, ECF No. 1-6 at 212. The contract also provides that, in the situation of a legal dispute regarding the account, Defendant may "freeze all or part of the funds until the dispute is resolved." Deposit Agreement p. 50, ECF No. 1-6 at 210.

13

Defendant froze Plaintiffs accounts in connection with two collection actions in New York state courts. Notice of Removal ¶¶ 6–11, ECF No. 1; Third Am. Compl. ¶¶ 7–18, ECF No. 8. Plaintiffs' contract with Defendant provides that Defendant may "comply with legal process . . . served at locations other than the location where the account . . . [is] held," and it also provides that Defendant my "freeze . . . funds until the dispute is resolved." Deposit Agreement pp. 50, 53, ECF No. 1-6 at 210, 212. Thus, it unambiguously authorizes the alleged actions, and Plaintiffs' breach of contract claims should be dismissed.

### 6. Plaintiffs Have Failed to State a Claim of Negligence or Gross Negligence Upon Which Relief Can Be Granted.

Defendant argues that Plaintiffs fail to state a claim for negligence or gross negligence because (1) Plaintiffs did not allege a duty of care recognized by Texas law, and (2) the claim is barred by the "economic loss rule." Mot. ¶ 23, ECF No. 20.

Plaintiffs' Response does not address Defendant's arguments against the negligence and gross negligence claims. *See* Resp., ECF No. 23.

#### a. Plaintiffs have not alleged the breach of a duty of care recognized by Texas law.

Negligence and gross negligence claims both require identifying a legal duty owed by the defendant to the plaintiff. *See Bustamante v. Ponte*, 529 S.W.3d 447, 456 (Tex. 2017) (stating that a "legal duty" is an element of a negligence claim); *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995) ("The threshold inquiry in a negligence case is whether the defendant owes a legal duty to the plaintiff."); *City of Waco v. Kirwan*, 298 S.W.3d 618, 623 (Tex. 2009) ("[A] defendant may be liable for gross negligence only to the extent that it owed the plaintiff a legal duty.").

In this case, Plaintiffs fail to identify a specific legal duty which Defendant allegedly breached. *See* Third Am. Compl. ¶¶ 35–39, ECF No. 8. Thus, Plaintiffs fail to state a claim for either negligence or gross negligence, and both claims should be dismissed.

### b. Plaintiffs' negligence and gross negligence claims are barred by the economic loss rule.

"Under Texas law, the economic loss rule generally prevents recovery in tort for purely economic damage unaccompanied by injury to persons or property." *Golden Spread Elec. Coop., Inc. v. Emerson Process Mgmt. Power & Water Sols., Inc.*, 954 F.3d 804, 808 (5th Cir. 2020). "[T]he rule restricts contracting parties to contractual remedies for those economic losses associated with the relationship, even when the breach might reasonably be viewed as a consequence of a contracting party's negligence." *Id.* (quoting *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12–13 (Tex. 2007)).

In this case, Plaintiffs and Defendant are contracting parties. *See* Deposit Agreement, ECF No. 1-6 at 183. And Plaintiffs allege Defendants' unauthorized freezing of their accounts caused harm to their businesses. *See, e.g.*, Third Am. Compl. ¶ 19–20, ECF No. 8; Mot. for Emergency Inj. Relief ¶ 2, ECF No. 14 (both stating that Plaintiffs need access to the accounts to run their businesses). This is purely economic damage. Plaintiffs do not make claims for injury to persons or property. *See* Third Am. Compl., ECF No. 8. Thus, Plaintiffs' tort claims for negligence and gross negligence are barred by the economic loss rule and should be dismissed. *Golden Spread Elec. Coop.*, 954 F.3d at 808.

### 7. In the Alternative, the Court Will Grant the Motion In Part Because Plaintiffs Have Waived Their Opposition to Dismissal of Four of Their Claims.

Because Plaintiffs failed to address Defendant's particular arguments to dismiss Plaintiffs' claims, Defendant also argues for dismissal because Plaintiffs waived their opposition. Reply ¶¶ 7, 12–13, ECF No. 24.

"[F]ailure to brief an argument in the district court waives that argument in that court," thus conceding the underlying issue. *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n. 10 (S.D. Tex. 2003); *see also Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss a claim because plaintiff failed to respond to defendants' motion to dismiss the claim and thus waived its opposition).

In their Response, Plaintiffs fail to respond to Defendant's arguments to dismiss their claims of (1) conversion, (2) breach of fiduciary duty, (3) breach of contract, and (4) negligence and gross negligence. *See* Resp., ECF No. 23. Thus, Plaintiff waives their opposition to Defendant's arguments against those claims, and, for that alternative reason, Defendant's Motion should be granted on those claims. *Magee*, 261 F. Supp. 2d at 748 n. 10; *Mayo*, 2010 WL 4366908, at *5.

### 8. The Court Will Deny Plaintiffs' Motion for Leave to Amend Their Complaint.

Plaintiffs, citing Federal Rule of Civil Procedure 15(a), also move for leave to amend their complaint to cure any deficiencies. Resp. ¶ 10, ECF No. 23. Defendant argues against leave for Plaintiffs to replead because Plaintiffs failed to articulate how they would cure deficiencies. Reply ¶¶ 18–20, ECF No. 24.

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend a pleading with the court's leave and "[t]he court should freely give leave when justice so requires."

16

Fed. R. Civ. P. 15(a)(2). "A grant or denial of a motion to amend pleadings is an exercise of discretion by the district court." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000).

"Denial of leave to amend is appropriate where there is no indication that amendment would cure the defects in a complaint." *Young v. U.S. Postal Service ex rel. Donahoe*, 620 Fed. App'x. 241, 245 (5th Cir. 2015). Failure to identify how amendment would cure deficiencies can be grounds for denying leave to amend. *Id.*; *see also Garrett v. Celanese Corp.*, 102 Fed. App'x. 387, 388 (5th Cir. 2004) (stating that plaintiff's "cursory mention of a request to amend her pleadings . . . does not require the district court to grant leave to amend").

In their Response, Plaintiffs make the general assertion that they should be granted leave to amend their complaint because they "can cure any deficiencies in the claims by pleading additional facts." Resp. ¶ 10, ECF No. 23. However, Plaintiffs indicate neither what additional facts they would add nor how amending their complaint would cure its deficiencies. *See id.* That failure is grounds to deny Plaintiffs' motion for leave to amend. *Young*, 620 Fed. App'x. at 245; *Garrett*, 102 Fed. App'x. at 388. Moreover, several of Plaintiffs' claims fail because they are not legally cognizable, rather than because they lack specificity. *See supra* 6–8, 14–15 (denying conversion, negligence, and gross negligence claims as not legally recognized). For those claims, "there is no indication that amendment would cure the defects" so denial of leave to amend those claims is also appropriate for that reason. *Young*, 620 Fed. App'x. at 245.

## CONCLUSION

Because Plaintiffs fail to state a claim of (1) conversion, (2) breach of fiduciary duty, (3) fraud, (4) breach of contract, and (5) negligence and gross negligence, Defendants Motion should be granted, and those claims should be dismissed. The Court also holds that Plaintiffs waived their opposition to dismissal of four of their claims, providing an independent

ground for dismissal of those claims. Finally, the Court denies leave for Plaintiffs to amend their Complaint.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Bank Of America, N.A.'s "Motion to Dismiss Plaintiff's Third Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted," ECF No. 20, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs E-Dealer Direct, et al.'s motion for leave to amend their Complaint, made in their Response, ECF No. 23, is **DENIED**.

SIGNED this 25 day of **May 2021**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE